IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY A. COFFMAN,　　　　　　　　　　　　　　6:11 CV 6225-TC

　　　　　　　　　　　　　　　　　　　　　　　　　　ORDER
　　　　　Plaintiff,

　v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

　　　　　Defendant.

COFFIN, Magistrate Judge:

　　Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits and Supplemental Security Income Benefits. The court has jurisdiction under 42 U.S.C. § 405(g).

　　Plaintiff was 35 at the time of the hearing and alleges that the onset date of disability was 2003. He was insured through 2006.

1 - ORDER

The ALJ performed the five-step sequential process and found that plaintiff was not disabled. The ALJ found that plaintiff had the following severe combination of impairments: history of fracture of right forearm, diabetes mellitus, alcohol abuse in claimed remission, history of polysubstance abuse, and bipolar disorder. The ALJ found that plaintiff was unable to perform his past relevant work, but that he could work at jobs such as an assembler and mail room clerk.

Plaintiff seeks a reversal of the Commissioner's decision and a remand for the awarding of benefits. In the alternative, plaintiff seeks a reversal and remand for further proceedings.

Plaintiff argues that the ALJ decision is not supported by substantial evidence as the hypothetical to the vocational expert was incomplete because it did not adequately incorporate limitations the ALJ himself found. Plaintiff also argues there is post-hearing evidence that was not adequately considered and "compels a finding of disability."[1]

As to the first argument, plaintiff states that the ALJ found "moderate" difficulties in concentration, persistence and pace and "variable" concentration. Defendant counters that although the ALJ did not explicitly state this in the

---

[1] Plaintiff also made a short argument in his opening brief that the ALJ erred in his consideration of lay testimony. However, the ALJ properly addressed lay testimony and adequately explained his reasons for not fully crediting the testimony.

2 - ORDER

hypothetical to the vocational expert, that such is not required under <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169 (9th Cir. 2008). However, it does not appear the ALJ's hypothetical question to the vocational expert "adequately capture[d] claimant's restrictions related to concentration, persistence or pace." <u>Stubbs</u> at 1174. The ALJ's hypothetical did not incorporate concrete restrictions, it just stated a limitation to no more than unskilled to low, semi-skilled work. Therefore it appears the ALJ's step-five finding as to plaintiff's ability to perform certain jobs is not supported by substantial evidence.

Plaintiff also argues that certain post-hearing evidence was not properly considered and compels a finding of disability. Dr. MacMaster had recently started treating plaintiff as a family physician and indicated an extreme loss of mental function in a July 2010 checklist form. He indicated that plaintiff experienced a "marked" or greater loss of mental function in 23 of 24 identified functional areas. He further stated that plaintiff experienced extreme limitations in daily living, marked difficulties in social functioning, and a constant state of concentration deficiency and decompensation. Tr. 1037-1040. Dr. MacMaster opined that the limitations had been present since 2003. The checklist form is accompanied by a letter, but that letter contains very little explanation when it comes to plaintiff's mental limitations.

3 - ORDER

Dr. Monson, a treating podiatrist, also saw plaintiff post-hearing. Dr. Monson saw plaintiff for diabetic foot care as plaintiff reported neuropathic pain with walking and standing. After an examination, Dr. Monson recommended nonweight-bearing exercise and to minimize excessive walking or standing. Tr. 1079. There are no other treatment notes in the administrative record form Dr. Monson.

Retrospective assessments can be probative medical evidence, See Flaten v. Secretary, 44 F.3d 1453, 1461 n. 5 (9th cir. 1995); Kemp v. Weinberger, 522 F.2d 967 (9th Cir. 1975). The foregoing evidence was not assessed by the ALJ and its current state does not compel a finding of disability.

All things considered, the record needs to be more fully developed in the circumstances of this case. In Mayes v. Massinari, 276 F.3d 453, 459-460 (9th Cir. 1999), the Ninth Circuit Court of Appeals stated that an ALJ's duty to further develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. See also 20 C.F.R. §416.912.

The ALJ shall contact Dr. MacMaster and Dr. Monson and request new or more detailed reports as the ALJ sees fit. The ALJ shall then consider and weigh all the evidence and perform a new five step analysis. Hypothetical questions, if any are

4 - ORDER

necessary, shall adequately include all of the limitations found.

## CONCLUSION

As discussed above, the Commissioner's decision is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).

DATED this 18 day of December, 2012.

_____
Thomas Coffin
United States Magistrate Judge

5 - ORDER